```
                   UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division
```

BOARD OF TRUSTEES, SHEET            )
METAL WORKERS' NATIONAL             )
PENSION FUND,                       )
    Plaintiff,                     )
                                    )
        v.                         )   Civil Action No. 1:12cv947
                                    )
SPECIALIZED SERVICES LLC            )
    Defendant.                     )
                                    )

## REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Default Judgment. (Dkt. 8.) When no representative for defendant appeared at the November 16, 2012 hearing, the undersigned Magistrate Judge took the matter under advisement to issue this Report and Recommendation.

### I. INTRODUCTION

**A. Background**

Plaintiff is the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"). Plaintiff is comprised of fiduciaries of an employee benefit plan and a trust fund established and maintained under 29 U.S.C. § 186(c) and 29 U.S.C. § 1002. (Complaint ("Compl.") ¶¶ 3-5.)

Defendant is a corporation and employer in an industry

1

affecting commerce that does business with the plaintiff Fund. (Id. ¶ 7.) At all times relevant to this action, defendant was a party to a collective bargaining agreement with Sheet Metal Workers' International Association, Local Union No. 3 ("the Union"). (Id. ¶ 10.) Defendant also agreed to abide by the terms of the agreement and declaration of trust ("Trust Agreement") establishing the Fund. (Id. ¶ 11.)

Plaintiff filed this action under §§ 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(g)(2) and 1145, which govern suits among parties to enforce provisions of their collective bargaining agreements. (Id. ¶ 5.) Plaintiff seeks an exit contribution, interest, liquidated damages, and attorneys' fees and costs pursuant to ERISA and the collective bargaining agreement with the Union. (Id. ¶ 16.)

### B. Jurisdiction and Venue

Jurisdiction and venue are conferred upon this Court by 29 U.S.C. §§ 1132 and 1451. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, a

suit for breach of contract between an employer and a labor organization representing employees in an industry affecting commerce may be brought in federal district court, regardless of the amount in controversy or citizenship of the parties. 29 U.S.C. §§ 185(a). The plaintiff Fund bringing this action is administered in this district. (Compl. ¶¶ 2, 6.)

This Court has personal jurisdiction over defendant pursuant to the decision in <u>Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.</u>, 964 F. Supp. 1040, 1045 (E.D. Va. 1997). Defendant does business with plaintiff that is sufficient to create personal jurisdiction over defendant in this district, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

### C. Service of Process

On September 12, 2012, plaintiff's private process server served defendant by delivering a copy of the original Complaint and Summons to Muriel Johnson, executive assistant to defendant's registered agent, Earl Luetkenhaus, at 4428 South 139th Street, Omaha, NE 68137. (Dkt. 4.) Therefore, service was proper under both Federal Rules of Civil Procedure 4(e) and 4(h) and 29 U.S.C. § 1132(e)(2), which provides that process may be served in any district where a defendant resides or may be

found.

### D. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On October 15, 2012, the Clerk of this Court entered default pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 7.) Plaintiff filed its Motion for Default Judgment on November 9, 2012. (Dkt. 8.)

## II. FINDINGS

Based on the Complaint, plaintiff's Motion for Default Judgment and the supporting Memorandum, the Declaration of Alex Dyer, the Declaration of Sarah G. Naji, and the documents submitted in proof of damages, the undersigned makes the following findings of fact.

Plaintiff brings this action under §§ 502 and 515 of ERISA. (Compl. ¶ 5; Mem. Supp. Mot. Default J. 1.) Defendant owes plaintiff certain obligations pursuant to the terms of the collective bargaining agreement, and the Trust Agreement for the Fund (collectively, "the Agreements"). (Compl. ¶¶ 10-11.) The Sheet Metal Workers' International Association Local Union No. 3 approved the labor contract on plaintiff's behalf. (Compl. ¶ 10; Dyer Decl. ¶ 6 (Dkt. 10).)

Plaintiff determined that defendant had withdrawn from plaintiff Fund in a "complete withdrawal" on or about July 1, 2011.[1] (Compl. ¶ 12; Dyer Decl. ¶ 8.) Pursuant to ERISA and the Agreements, defendant incurred an exit contribution to plaintiff Fund upon the complete withdrawal. (Compl. ¶ 13; Dyer Decl. ¶ 9.) Defendant received a Notice and Demand for payment of the exit contribution on or about January 13, 2012 informing defendant that defendant had incurred an exit contribution in the amount of $4,980.90 and that the amount must be paid no later than the twentieth of the month following the month in which plaintiff made the payment assessment. (Compl. ¶ 14; Dyer Decl. ¶ 13.) Defendant has failed to make the exit contribution payment. (Dyer Decl. ¶ 14.) Pursuant to ERISA and the Agreements, defendant is liable to the Fund for this exit contribution in the amount of $4,980.90. (Mem. Supp. Mot. Default J. 3-5.)

---

[1] A comparison of the Complaint (Dkt. 1) and the Declaration of Alex Dyer (Dkt. 10) reveals a discrepancy between the dates that defendant effected a "complete withdrawal". The Complaint identifies the complete withdrawal as taking place on June 1, 2011 whereas the Declaration of Alex Dyer identifies the complete withdrawal as taking place on July 1, 2011. (Compl. ¶ 12; Dyer Decl. ¶ 8.) However, the Notice and Demand sent to defendant contained the correct withdrawal date of July 1, 2011. (Dyer Decl. ¶ 16.) This Court will now consider the July 1, 2011 date as noted in the Declaration of Alex Dyer. (Id.)

Pursuant to the Agreements and under § 502(g)(2) of ERISA, plaintiff is entitled to recover the exit contribution as well as interest, liquidated damages, and attorneys' fees for the exit contribution. (Mem. Supp. Mot. Default J. 3-5.)

### A. Contributions and Fees

Under ERISA and the Agreements, the Fund may recover the following: (1) the full amount of the exit contribution; (2) interest on the exit contribution to be calculated at a rate of 0.0233 percent per day, compounded daily, until the date paid; (3) liquidated damages in an amount equal to the greater of (i) the interest on the exit contribution, or (ii) 20 percent of the exit contribution; and (4) reasonable attorneys' fees. (Compl. ¶ 16; Mem. Supp. Mot. Default J. 3-5.) The amounts now due are summarized as follows: $4,980.90 in an exit contribution payment; $304.71 in interest[2]; and $996.18 in liquidated damages. (Dyer Decl. ¶ 15, Ex. E (Dkt. 10-5).)

### B. Attorneys' Fees and Costs

Plaintiff also requests attorneys' fees in the amount of $1,891.50 based on 0.8 hours of counsel time at a rate of $290 per hour, 0.5 hours of counsel time at a rate of $270 per hour,

---

[2] This interest is calculated at .0233% per day, compounded daily from the date due through the date of judgment. (Dyer Decl. ¶ 15.)

2.4 hours of counsel time at a rate of $260 per hour, 3.2 hours of legal assistant time at a rate of $150 per hour, and 2.9 hours of legal assistant time at a rate of $145 per hour. (Naji Decl. ¶ 5.) Plaintiff also requests an award of costs in the amount of $850.34. (Id. ¶ 6.) In support of this request, plaintiff submitted the Declaration of Sarah G. Naji and a time and expense report from Slevin & Hart, P.C. (Dkts. 11 and 11-1.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

### III. RECOMMENDATION

The undersigned recommends that plaintiff should recover from defendant **$4,980.90,** the exit contribution payment. Plaintiff should also recover **$304.71** in interest calculated at 0.0233 percent, compounded daily from the date due, and **$996.18** in liquidated damages.

Finally, the undersigned recommends that plaintiff should

recover from defendant **$2,741.84** in attorneys' fees and costs.

IV. <u>NOTICE</u>

The parties are advised that exceptions to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

    Specialized Services LLC
    4428 South 139th Street
    Omaha, NE 68137

                                /s/
                            THERESA CARROLL BUCHANAN
                            UNITED STATES MAGISTRATE JUDGE

December 14, 2012
Alexandria, Virginia